1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    David S. Barresi,                    )    No. CV 07-01337-PHX-EHC
                                          )
10              Plaintiff,                 )    **ORDER**
                                          )
11   vs.                                  )
                                          )
12                                        )
     John E. Potter, Postmaster General,  )
13   United States Postal Services,       )
                                          )
14              Defendant.                )
                                          )
15   _____

16        Before the Court is Defendant's Motion for a More Definite Statement. (Dkt. 8).

17   Plaintiff filed a complaint against Defendant John E. Potter, Postmaster General, United

18   States Postal Service ("Defendant Potter") on July 11, 2007, which was amended on

19   November 6, 2007, alleging employment discrimination and retaliation based on disability

20   and age in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 791 and the Age and

21   Discrimination and Employment Act of 1967, 29 U.S.C. § 623. (Dkts. 4, 5). In response to

22   Defendant's Motion for a More Definite Statement, Plaintiff requests leave to file a Second

23   Amended Complaint (Dkt. 9).

24        Defendant does not object to Plaintiff's filing of a Second Amended Complaint, which

25   cures the deficiencies of the First Amended Complaint (Dkt 10). However, Defendant

26   contends that in Plaintiff's Memorandum of Points and Authorities for his Request for Leave

27   to File a Second Amended Complaint, Plaintiff seeks to expand his Proposed Second

28   Amended Complaint beyond the document itself. Specifically, Defendant contends   that

1    Plaintiff, in his Memorandum of Points and Authorities, attempts to incorporate other events

2    encompassed in EEO[1] complaints not filed in this Court as well as additional claims from

3    three future EEO complaints that have yet to reach an administrative conclusion (Dkt. 10, ¶

4    2). Defendant requests that the Court permit Plaintiff to file his Second Amended Complaint

5    but limit Plaintiff's causes of actions to the allegations set forth therein. (Dkt 10, ¶ 9).

6         Leave to amend shall be freely granted when justice requires. *See* Fed. R. Civ. P.

7    15(a); *Foman v. Davis*, 371 U.S. 178 (1962). A district court, in its discretion, may deny

8    leave to amend where it determines that there has been a showing of undue delay, bad faith

9    on the part of the movant, repeated failure to cure deficiencies by previous amendments,

10   undue prejudice to the opposing party, or futility of the proposed amendment. *Foman,* 371

11   U.S. at 182. Because the Defendant does not object to Plaintiff's request for leave to amend,

12   Plaintiff's Motion for Leave to File Second Amended Complaint will be granted.

13        Nonetheless, Plaintiff cannot expand the scope of his claims by language in his

14   Memorandum of Points and Authorities. Plaintiff's complaint must contain "a short and

15   plain statement of [his] claim[s] showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a).

16   The complaint must "give the defendant fair notice of what the ... claim is and the grounds

17   upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Furthermore, the Ninth

18   Circuit has determined that federal employees who allege employment discrimination must

19   first exhaust available administrative remedies. *See Vinieratos v. United States*, 939 F.2d

20   762, 772 (9th Cir. 1990) (holding that failure to exhaust administrative remedies bars any

21   claim under the Rehabilitation Act). Thus, Plaintiff cannot bring EEO complaints that have

22   not reached an administrative conclusion and his attempt to include unexhausted claims in

23   the current lawsuit is impermissible.

24   //

25   //

26

27        [1]The parties do not define EEO, but the Court takes judicial notice that EEO refers to

28   the Equal Employment Opportunity Commission.

- 2 -

1    Accordingly,

2    **IT IS ORDERED** granting Plaintiff's Motion for Leave to File Second Amended

3    Complaint (Dkt. 9).  The Clerk shall file the Second Amended Complaint lodged at Docket

4    No. 9, exhibit 2.

5    **IT IS FURTHER ORDERED** denying Defendant's Motion for a More Definite

6    Statement (Dkt. 8) as moot.

7    DATED this 9th day of June, 2008.

8

9

10   _____

11   Earl H. Carroll
     United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -